# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>                         Petitioner,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | CASE NO. 09cv1792 DMS (AJB)<br><br>**ORDER DENYING PETITION FOR WRIT OF ERROR *CORAM NOBIS*** |

On August 12, 2009, Petitioner David Scott Harrison ("Petitioner"), a state prisoner proceeding *pro se*, filed a "Motion Pursuant to the All Writs Act (Coram Nobis and/or Audita Querela); The Ends of Justice." The Court initially construed that filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, but later construed Petitioner's request to be in the nature of *coram nobis*. Petitioner thereafter filed a "First Amended Motion Pursuant to the All Writs Act (Coram Nobis and/or Audita Querela); The Ends of Justice." For the reasons discussed below, the petition is denied.

A writ of *coram nobis* is used to collaterally attack a judgment that was incorrect or infirm at the time it was entered for reasons that came subsequently came to light. *Doe v. I.N.S.*, 120 F.3d 200, 203 n.4 (9th Cir. 1997). It is an extraordinary remedy used to review fundamental errors or to correct grave injustices. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *United States v. Riedl*, 496 F.3d 1003, 1005-06 (9th Cir. 2007). The common law writ of *coram nobis* is available to fill "gaps" in the current system of post-conviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th

1    / / /

2    Cir. 2001); *see Morgan*, 346 U.S. at 505 & n.4.  As Petitioner acknowledges in his petition, the

3    following requirements apply:

> [A] petitioner must show the following to qualify for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

Petitioner argues he meets the first requirement because his § 2255 motions were denied or dismissed and his § 2241 petition was dismissed.[1]  The courts' refusal to grant relief under these statutes, however, does not demonstrate that "a more usual remedy is not available."  Petitioner took advantage of the opportunity to file a motion pursuant to § 2255, but the Court denied Petitioner's initial motion "as procedurally barred due to Harrison's failure to pursue his direct appeal."  *Id.* at 956. Petitioner's second motion under § 2255 was dismissed "on the ground that it was a second or successive motion, requiring Harrison to obtain a certificate pursuant to § 2255 before he could file it."  *Id.*  After failing to obtain that certificate from the Ninth Circuit, Petitioner filed a § 2241 petition, which this Court dismissed for lack of jurisdiction.  Under these circumstances, the Court cannot say that "a more usual remedy" was not available to Petitioner.  Rather, Petitioner simply failed to meet the requirements for that relief.  Absent a showing that "a more usual remedy" was not available, Petitioner is not entitled to a writ of error *coram nobis*.[2]  Accordingly, the petition for a writ of *coram nobis* is denied.  The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: August 18, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] Petitioner has a long history of filing motions under § 2255 dating back to 1992.  *See Harrison v. Ollison*, 519 F.3d 952 (9th Cir. 2008).  The Court refers to that decision for a detailed description of the background of Petitioner's conviction and subsequent challenges thereto.

[2] Absent a showing that the first requirement has been met, the Court declines to address the remaining requirements.